## CIRCUIT COURT OF THE CITY OF NORFOLK

Samuel Lee Jenkins

v.

Hezekiah Bynum

March 11, 2003

Case No. (Law) 02-2376

BY JUDGE JOSEPH A. LEAFE

This issue comes before the Court on Plaintiff Samuel Lee Jenkins's ("Jenkins") appeal from the General District Court, which dismissed his suit for unlawful detainer under § 8.01-126 of the Code of Virginia. For the reasons stated below, the Court awards sole possession of the house located at 5506 Berry Hill Road, Norfolk, Virginia, to Plaintiff Jenkins.

In his Last Will and Testament, Hezekiah Jenkins included the following paragraph:

> I give, devise, and bequeath my real estate located at 5506 Berry Hill Road, Norfolk, Virginia, and all furniture located in said residence to Hezekiah Bynum and Cherrelle Denise Blue, in fee simple and absolutely. I direct that my brother, Samuel Lee Jenkins, shall have a life estate in this property. I direct that Hezekiah Bynum shall be responsible for any and all maintenance costs and mortgage payments on the property.

"Last Will & Testament of Hezekiah Jenkins," Pl. Ex. 1, at Art. II.A.

Plaintiff Jenkins lived in the house at issue with his brother, the testator, for seven years before his brother died. Beginning in 1999, the testator's son, Defendant Hezekiah Bynum ("Bynum"), lived in the house on and off. It is clear that the house was not Defendant's permanent residence prior to his father's death. After his father's death, Defendant Bynum moved

into the house, along with Bynum's girlfriend and his girlfriend's daughter, and has attempted to make the house his permanent residence. At no time did Cherrelle Denise Blue reside in the house. Plaintiff moved out of the house two weeks after the death of the testator because of irreconcilable differences between Plaintiff and Defendant that made it impossible for the two of them to live together.

## Discussion

The legal principles applicable to construction of a will are well established. The objective in construing a will is to determine the testator's intent by initially looking to the four corners of the document. Extrinsic evidence may be considered only if the language of the will is ambiguous, that is, susceptible to more than one interpretation.

*Gaymon v. Gaymon*, 258 Va. 225, 230, 519 S.E.2d 142, 144 (1999) (citing *Gillespie v. Davis*, 242 Va. 300, 303-04, 410 S.E.2d 613, 615 (1991)); *see also White v. White*, 183 Va. 239, 247, 31 S.E.2d 558, 561 (1944) ("When the language of a will is clear and unambiguous, it needs no interpretation. It speaks for itself."). Where an estate is created in one part of a will by clear and unambiguous language, only words of equal clarity and decisiveness can diminish or destroy that estate. *Id.* at 231, 519 S.E.2d at 145.

The will in this case is written in clear and unambiguous language. The will grants a life estate to the testator's brother, Plaintiff Jenkins. The testator granted the remainder in equal parts to his son and granddaughter, Hezekiah Bynum and Cherrelle Denise Blue. Defendant Bynum argues that the language requiring him to pay the maintenance costs of the house indicates that the testator intended to grant a unique type of life estate to Plaintiff Jenkins. He asserts that Plaintiff and Defendant both have an immediate right to occupy the house together.

In the absence of a provision in the will, it is the duty of the life tenant to pay interest on mortgages and other encumbrances on the estate. *Livesay v. Boyd*, 164 Va. 528, 532, 180 S.E. 158, 159 (1935). The life tenant is not required to pay the principal of a mortgage. *Id.* In this case, the mortgage was paid by life insurance proceeds, and there is no mortgage interest or principal due on the property. However, the testator did provide that Hezekiah Bynum, one of two remaindermen, should pay maintenance costs and mortgage payments. In this case, the language of the testator clearly grants a life estate to Plaintiff Jenkins. There is no language indicating an intention for Plaintiff and

Defendant to jointly occupy the house. The language simply shifts the duty to pay maintenance costs to one of the remaindermen, which is the right of the testator.

The manner in which the will devises the remainder to Cherrelle Denise Blue and Hezekiah Bynum equally without differentiating between their respective interests further supports the interpretation of the will that Plaintiff Jenkins received sole possession of the house for the duration of his life estate. Although Defendant Bynum is required to pay maintenance costs, his interest in the house and the furniture is no different from that of Ms. Blue. Therefore, there is no language indicating that Plaintiff's life estate was limited to sharing the house with Defendant.

Defendant Bynum relies on *White v. White* to support his argument that the testator intended for both parties to live together in the house. 183 Va. 239, 31 S.E.2d 558 (1944). In that case, the will contained the following language: "I want my wife to have a home at the mansion house with Arnold, as long as she remains my widow and I also want my daughter, Mary R. White, to have a home there as long as she is single and cares to make it her home." *Id.* at 242, 31 S.E.2d at 559. The court found that the will clearly contemplated both parties living in the mansion, and the court made provisions for the parties to live in separate parts of the mansion. *Id.* at 251-52, 31 S.E.2d at 563. In the case at bar, the language does not provide for both parties to live in the house at the same time. Therefore, *White* is not applicable to this case.

## Conclusion

The will clearly grants a life estate to Plaintiff Jenkins, and the language does not diminish that estate to allow Defendant Bynum to live in the house with Plaintiff. Therefore, Plaintiff Jenkins is granted sole possession of the house located at 5506 Berry Hill Road, Norfolk, Virginia.